CARTIER v. MORRISON.

1. BILLS AND NOTES—HOLDERS IN DUE COURSE.

Where the owners of a bank bought a note and gave
therefor three time certificates of deposit, the fact that be-
fore the certificates became due they had notice that the
note was defective would not affect them as holders in
good faith, if the certificates had passed into the hands
of *bona fide* purchasers for value.[1]

2. SAME—BURDEN OF PROOF—DIRECTED VERDICT.

In an action on the note, where it appeared that plain-
tiffs paid the certificates of deposit after they had notice
that the note was defective, the burden was upon them
to show that the holders of the certificates were good-
faith purchasers, and in the absence of such showing the
trial court properly directed a verdict for defendants.[2]

Error to Ionia; Hawley (Royal A.), J.   Submitted
June 4, 1925.   (Docket No. 33.)   Decided October
1, 1925.

Assumpsit by Warren A. Cartier and others, doing
business as the Bank of Freesoil, against Amasa
Morrison and another upon a promissory note.  Judg-
ment for defendants on a directed verdict.  Plaintiffs
bring error.   Affirmed.

*J. T. & T. F. McAllister* and *Eldred & Gemeund,*
for appellants.

*Watt & Colwell,* for appellees.

McDONALD, C. J.   The purpose of this action is
to recover the amount of a promissory note given by
the defendants to the Mid-West Company of Grand
Rapids, Michigan, on April 28, 1922, and negotiated

[1]Bills and Notes, 8 C. J. § 715 (Anno); [2]Id., 8 C. J. § 1291.

to the plaintiffs on June 15, 1922. On or about November 1, 1921, the defendants bought stock from the Mid-West Company through its agents, Gibbons and Hardy, in payment of which they gave their note for $4,000 payable in six months. This note was sold to the Lowell State Bank. When it became due the defendants were unable to pay. They arranged with the Mid-West Company to give a new note that should be used to satisfy or renew the first one. The renewal note is the subject of this suit. It was for $4,000, "payable to the order of myself" on or before six months, signed by defendants·and delivered to the Mid-West Company. Instead of using this note to satisfy or renew the note held by the Lowell State bank, the Mid-West Company sold it to the plaintiffs for $4,000. Payment was not made in cash but in three certificates of deposit issued on the same day, one for $2,000, and two others for $1,000 each, payable in six months with interest at four per cent. Soon after receiving these certificates the Mid-West Company sold the $2,000 certificate to the Commercial Finance Corporation of Grand Rapids, and the other two certificates to the Copemish State Bank at Copemish, Michigan. The proceeds were not used to pay the note held by the Lowell State Bank. The defendants first became aware of this on receipt of a letter from that bank on the 21st of October, 1922. On the 7th of December, 1922, the plaintiffs were informed of the circumstances under which the note was given, and of its fraudulent diversion by the Mid-West Company. On December 16th the plaintiffs paid the $2,000 certificate and on December 20th they paid the other two. Subsequently, this suit was begun. At the close of the proofs both parties moved for a directed verdict. The court directed a verdict for the defendants on the ground that the plaintiffs

had failed to prove that they were good-faith holders of the note in suit.

It was the opinion of the circuit judge that the undisputed facts in this case presented a situation which placed upon the plaintiffs the burden of proving that the Copemish State Bank and the Commercial Finance Corporation of Grand Rapids were good-faith purchasers for value. In respect to this, counsel for the plaintiffs say that the mere fact of purchase of the certificates made the Copemish bank and the finance corporation good-faith holders, and that the plaintiff bank had no defense to a demand for their payment. In support of this contention counsel cite *White* v. *Wadhams*, 204 Mich. 381, and rely upon the following language of the opinion:

"This $700 certificate, however, was purchased by the Ypsilanti bank and that bank thereupon became a *bona fide* holder for value and the Ann Arbor bank became absolutely liable to it upon the certificate and it is not material that the Ann Arbor bank did not actually pay out money on the $700 certificate until after it knew of the dishonor of the $950 certificate of the Hastings bank, for it was clearly bound to pay it."

In thus stating that the Ypsilanti bank by the purchase of the certificate became a *bona fide* holder for value, the court evidently assumed that it made the purchase in ignorance of any infirmity in the paper. It may be that there was evidence of that fact, but, in any event, it is certain that the court did not hold or intend to hold that the mere purchase of a note or certificate makes the purchaser a good-faith holder for value. The law presumes him to be such, but when it appears that there is an infirmity in the instrument, he must show that he purchased it without notice or knowledge of that fact.

"Every holder is deemed to be *prima facie* a holder in due course; but when it is shown the title in the

person who has negotiated the instrument is defective, the burden is on the holder to prove that he or some other person under whom he claims acquired the title as holder in due course." * * * 2 Comp. Laws 1915, § 6100.

In the instant case the plaintiffs purchased the note without notice or knowledge of any defect in the title of those who negotiated it, but they did not pay for it in cash. Instead, they gave time certificates or promises to pay. Before these certificates became due they received notice that the instrument was defective. However, the fact that they had such notice before payment of the certificates would not affect them as holders in good faith if the certificates had passed into the hands of *bona fide* purchasers for value. *White* v. *Wadhams, supra.*

In disposing of this question the circuit judge rightly said:

"It is the finding of the court that the transaction, the giving of the three certificates of deposit for the note in question, did not constitute a purchase and sale of the note in question; that it constituted merely an exchange of one promise to pay for three promises to pay aggregating the amount of the first promise to pay. And that the plaintiffs in this case have failed to establish the fact that they are good-faith purchasers because at that time they parted with nothing of value. And they did not part with anything of value finally or conclusively until the certificates of deposit in question came to the hands of a good-faith purchaser, which they have failed to establish."

The principles enunciated in *Miller* v. *Savings Bank,* 227 Mich. 316, and the following provisions of the negotiable instruments law are applicable to the undisputed facts in this case (2 Comp. Laws 1915, §§ 6100, 6095, 6096).

The controlling fact is whether the Copemish State Bank and the Commercial Finance Corporation were

*bona fide* purchasers for value of these certificates. The burden of proof was with the plaintiffs to show this. They made no attempt to do so. Therefore, the circuit judge correctly held that they could not recover in this action.

The judgment is affirmed, with costs to the defendants.

CLARK, BIRD, SHARPE, STEERE, and FELLOWS, JJ., concurred. MOORE and WIEST, JJ., did not sit.